VAN BRUNT, P. J. I dissent upon the ground that the petition is not accompanied by a certificate of a counselor at law to the effect that he has examined the case, and is of the opinion that the applicant has a good cause of action, which is the requirement of section 459 of the Code of Civil Procedure.

FOLEY, Appellant, v. LAWRENCE CEMENT CO., Respondent. (Supreme Court, Appellate Division, Third Department. December 3, 1902.) Action by John Foley against the Lawrence Cement Company. No opinion. Judgment and order unanimously affirmed, with costs.

FOSTER, Appellant, v. INTERNATIONAL PAPER CO., Respondent. (Supreme Court, Appellate Division, Third Department. December 3, 1902.) Action by Joseph Foster, Jr., against the International Paper Company. No opinion. Order affirmed, with $10 costs and disbursements.

FRANCHI, Respondent, v. GARRONE, Appellant. (Supreme Court, Appellate Division, First Department. November 7, 1902.) Action by Angelo Franchi against Rosa M. Garrone as administratrix. W. W. McArthur, for appellant. A. F. Burleigh, for respondent. No opinion. Judgment and order affirmed, with costs.

FREY, Respondent, v. INTERURBAN ST. RY. CO., Appellant. (Supreme Court, Appellate Division, Second Department. November 21, 1902.) Action by John Frey against the Interurban Street Railway Company. No opinion. Judgment of the municipal court affirmed, with costs.

FROST v. REINACH. (Supreme Court, Appellate Division, First Department. November 21, 1902.) Action by Hans K. Frost against Theresa Reinach. No opinion. Motion granted so far as to permit appellant to submit points.

FROST v. REINACH et al. (Supreme Court, Appellate Division, First Department. December 5, 1902.) Action by Hans K. Frost against Theresa Reinach and Sigmund Feuchtwanger. H. M. Levin, for appellant. S. D. Levy, for respondents. No opinion. Order affirmed, with $10 costs and disbursements.

FULTON, Appellant, v. KINNEY et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. December 18, 1902.) Action by Ida May Fulton against Melantha Kinney and another as, etc. No opinion. Judgment affirmed, with costs.

GALLAGHER, Appellant, v. STATE, Respondent. (Supreme Court, Appellate Division, Third Department. November 12, 1902.) Action by Bridget Gallagher against the state of New York. No opinion. Judgment unanimously affirmed, with costs.

GERMAN–AMERICAN BANK OF ROCHESTER v. STEIN et al. (Supreme Court, Appellate Division, Fourth Department. January 6, 1903.) Action for partition by the German-American Bank of Rochester against Leopold Stein and others. Interlocutory judgment directing a sale of the premises, and certain defendants appeal. Modified. W. Martin Jones, for appellants. Joseph W. Taylor, for respondent German-American Bank. Herbert J. Stull, for respondent Baird.

NASH, J. As suggested in consultation, I am of the opinion that it is equitable that there should be an attempt at actual partition, based upon the offer of the appellants to have their share set off in common from the east end of the premises, upon the assumption that the Niagara Boulevard is a legal highway. There is little doubt that the adjoining proprietors regard it for their interest, and that they will make the street now open permanent. The price at which the lands are held precludes the idea of treating them as farming lands, or that they will ever become such. I therefore report the following modification of the judgment: Interlocutory judgment modified so that it shall provide for an actual partition of the lands by commissioners appointed for that purpose, provided the appellants file their stipulation, in writing, to the effect that the commissioners may, for the purposes of such partition, estimate and determine the relative value per acre of all of the lands, excluding the lands comprising the street known as the "Niagara Boulevard," based upon the assumption that the Niagara Boulevard is a legal highway, dedicated as such, so far as the parties hereto are concerned, and that, in making partition between the parties, the commissioners may set off to the appellants, and the appellants will accept, their share of the lands, to be taken from the east end of the premises fronting on the Niagara Boulevard, based on such valuation; that the remainder of the lands be set off to the respondents, to be enjoyed by them in common, or partitioned or sold, as they may elect; that, if such stipulation is not filed as herein provided within 10 days after the entry of the order of modification, the interlocutory judgment be affirmed, with costs. The filing of such stipulation shall not be regarded as precluding the commissioners from an actual partition of the premises, including the lands comprising the Niagara Boulevard, without regard to such stipulation, if it is found that such partition can be made without great prejudice to the owners, or if the setting apart of the share of the appellants in disregard of the stipulation is the more beneficial to the interests of the tenants in common. Interlocutory judgment modified accordingly. Costs of this appeal to abide the final award of costs. All concur, except WILLIAMS, J., who dissents, and votes for affirmance.

GILBERT, Respondent, v. MOWBRAY, Appellant. (Supreme Court, Appellate Division, Second Department. November 14, 1902.) Action by Annie Gilbert against Andrew Mowbray. No opinion. Judgment of the municipal court affirmed, with costs.

GINNA, Respondent, v. FARLEY, Appellant. (Supreme Court, Appellate Division, Second De-